**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HOWARD C. HUDSON, | : | |
| | : | Civil Action No. 06-5088 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PAUL SCHULTZ, Warden, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Howard C. Hudson
F.C.I. Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE**, District Judge

   Petitioner Howard C. Hudson, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Paul Schultz.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the
   Supreme Court, any justice thereof, the district courts
   and any circuit judge within their respective
   jurisdictions.
   ...
   (c) The writ of habeas corpus shall not extend to a
   prisoner unless-- ... (3) He is in custody in violation
   of the Constitution or laws or treaties of the United
   States ... .

Because it appears from a review of the Petition that this Court lacks jurisdiction to consider this Petition, and that it is not in the interest of justice to transfer the Petition, the Court will dismiss the Petition.  See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## I.  BACKGROUND

According to the allegations of his Petition, Petitioner was convicted in the U.S. District Court for the Eastern District of Virginia, in 1994, of various crimes, including two counts of use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  On December 7, 1995, the U.S. Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction.  See United States v. Hunter, 73 F.3d 359 (4th Cir. 1995).  Petitioner did not seek a writ of certiorari from the Supreme Court.

Also in December 1995, the Supreme Court of the United States held in Bailey v. United States, 516 U.S. 137 (1995), that a conviction for "use" of a firearm under § 924(c)(1) requires the government to show "active employment of the firearm."  516 U.S. at 144.  As the Court explained, active employment includes uses such as "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire" the weapon.  516 U.S. at 148.  "Use" does not include mere possession of a firearm; thus, a "defendant cannot be charged under § 924(c)(1)

merely for storing a weapon near drugs or drug proceeds," or for "placement of a firearm to provide a sense of security or to embolden." Id. at 143, 149.

Thereafter, Petitioner filed a Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 arguing, inter alia, that "the Government's evidence was insufficient after the Supreme Court's decision in Bailey v. United States, ... to support a conviction for violations of 18 U.S.C. § 924(c)(1) as charged in counts 23 and 39." (Petition at 4.) The District Court denied Petitioner's motion on September 12, 1997. On May 14, 1998, the Court of Appeals for the Fourth Circuit denied Petitioner's request for a certificate of appealability and dismissed the appeal. See United States v. Hudson, 149 F.3d 1171, 1998 WL 252724 (4th Cir. 1998).[2]  The mandate issued on July 6, 1998. Petitioner did not seek a writ of certiorari.

Petitioner now seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, here in the district of confinement, contending that he is actually innocent of any § 924(c)(1) violation in light of Bailey. Specifically, Petitioner states that there is "no such evidence of petitioner actively employing a firearm;

---

[2] Four days later, on May 18, 1998, the Supreme Court held that the rule announced in Bailey can be asserted in a collateral attack under § 2255 where the defendant demonstrates either cause and actual prejudice for the failure to raise the issue on direct appeal or that he is actually innocent. See Bousley v. United States, 523 U.S. 614 (1998).

3

thus, the convictions on counts 23 and 39 of the indictment are invalid."  (Petition at 6.)

##   II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

III.   ANALYSIS

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the facts that he has filed a previous § 2255 motion and that the Court of Appeals for the Fourth Circuit has previously denied him relief on the very claim urged in this Petition, because he is "actually innocent" and, presumably, because relief under § 2255 now is "inadequate or ineffective."  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and

5

convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States

Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Here, Petitioner does allege that he is being confined for conduct that is not criminal, the Dorsainvil exception. Petitioner does not, however, contend that he had "no earlier opportunity" to challenge his conviction based upon the Bailey decision.  To the contrary, Petitioner has presented this challenge to the trial court and the Court of Appeals for the Fourth Circuit in a prior § 2255 motion.[3]  Petitioner can not demonstrate that the circumstances constitute the sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  Section 2255 is not "inadequate or ineffective" merely because a prior § 2255 motion has been unsuccessful.

Thus, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received

---

[3] Even if the Bailey claim asserted in the prior § 2255 motion differed from the claim asserted here, the result would be the same, as Petitioner could have made this Bailey claim in his prior § 2255 motion.  Similarly, to the extent Bousley could be construed as an intervening change in the law, Petitioner could have sought a writ of certiorari from the Supreme Court or moved for reconsideration in the Court of Appeals.

authorization to file, and over which this Court, in the district of confinement, lacks jurisdiction.[4]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Petitioner has not alleged facts to bring this Petition within the gatekeeping requirement of § 2255 permitting "second or successive" petitions based upon newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  Moreover, the Court of Appeals for the Fourth Circuit has already addressed Petitioner's claim on the merits.  Accordingly, it does not appear that it would be in

---

[4] Although this Court is reclassifying Petitioner's petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion in the sentencing court, and because the current Petition is itself "second or successive," no purpose would be served by a Miller notice.

the interest of justice to transfer this Petition to the Court of Appeals for the Fourth Circuit.

Finally, this Court expresses no opinion as to the merits of Petitioner's claims.

## IV.   CONCLUSION

For the reasons set forth above, the Petition must be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

                                    **s/ Jerome B. Simandle**
                                    Jerome B. Simandle
                                    United States District Judge

Dated:  **February 2, 2007**